■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUXLEY MALSH, Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered September 27, 1991, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and resisting arrest.

At 1:00 A.M. on August 31, 1990, while patrolling in the Hamilton Hill area in the City of Schenectady, Schenectady County, Police Officer Nicholas Messere observed defendant, who was standing on a street corner at the time, reach into his right shoe, pull out a small bag, hand it to another man and receive currency in exchange. After the second man had walked away, Messere pulled his patrol car up to the curb and approached defendant, ordering him to put his hands up against the car. In the course of the ensuing pat-down frisk,

Messere observed a plastic bag containing a white powdery substance in defendant's right shoe and advised defendant that he was "going to jail". At this point, defendant fled and Messere, along with three backup officers, gave chase. In the ensuing scuffle to subdue defendant, more small white packets fell from defendant's shoes. In all, 23 small glassine bags about one inch in diameter and one larger bag, all of which were identified to be cocaine, were recovered; nine grams in all. Defendant was also found to be carrying $198 in cash. He was arrested and charged with the crimes of criminal possession of a controlled substance in the third and fourth degrees and resisting arrest.

Prior to trial defendant unsuccessfully moved to suppress the 24 bags of cocaine seized from him at the time of arrest and to suppress testimony regarding prior uncharged crimes, to wit, statements by witnesses that he had been in the business of selling drugs. Ultimately, he was found guilty as charged and sentenced to concurrent indeterminate terms of incarceration of 8⅓ to 25 years for criminal possession of a controlled substance in the third degree, 5 to 15 years for criminal possession of a controlled substance in the fourth degree and a determinate term of one year for resisting arrest. This appeal ensued.

We affirm. Defendant initially argues that the evidence was not legally sufficient to establish that he possessed "a narcotic drug with intent to sell it" within the meaning of Penal Law § 220.16 (1). The gravamen of his argument in this regard is that because Messere was in a moving car at the time he witnessed the alleged sale, was on a dark street and at a distance of approximately 50 feet from defendant, his testimony did not carry with it the modicum of plausibility necessary to meet this legal standard. We disagree. While concededly Messere was driving the car at the time he made his observation, his testimony that he was proceeding slowly and was able to see defendant's actions clearly due to the fact that the area was well lit by street lights and lighting from a nearby car dealership gives plausibility to his observations. In our view this testimony, when accompanied by the fact that defendant was found to be in possession of 24 packets of cocaine and the testimony of others that he was a known drug dealer, clearly satisfies the prosecution's proof and burden requirements for every element of the crime charged and establishes a valid line of reasoning which could lead a rational person to the conclusion reached by the jury here (see, People v Bleakley, 69 NY2d 490, 495). Moreover, upon exercise

of our factual review power, we are satisfied that the verdict was not against the weight of the evidence.

Nor do we see any error in County Court's denial of defendant's motion to suppress the cocaine seized from him at the time of arrest or the court's decision to allow the prosecution to introduce testimony regarding defendant's prior uncharged crimes. With respect to the former, Messere's firsthand observation of the exchange of a glassine envelope for currency, an act which is the hallmark of an illicit exchange, in an area known for its high incidence of narcotic activity coupled with defendant's flight belie his argument that police lacked probable cause for the arrest thus necessitating suppression of the cocaine as the fruit of an illegal arrest *(see, People v McRay,* 51 NY2d 594; *see also, People v Leung,* 68 NY2d 734; *People v De Bour,* 40 NY2d 210). As regards the uncharged crimes issue, the testimony adduced on this subject consisted of a witness who had purchased cocaine from defendant in the Hamilton Hill area on several occasions and one who had seen defendant selling cocaine in Hamilton Hill just prior to the arrest and had permitted defendant to store cocaine in her home. Inasmuch as both of these witnesses' testimony establishes defendant's status as a drug dealer at a time shortly before his arrest, and directly speaks to the issue of defendant's intent to sell, which is a requisite element of one of the crimes charged, its admission was justified *(see, People v Ventimiglia,* 52 NY2d 350; *People v Allweiss,* 48 NY2d 40; *see also, People v Ingram,* 71 NY2d 474; *People v Alvino,* 71 NY2d 233; *People v Vails,* 43 NY2d 364; *People v Molineux,* 168 NY 264). Defendant's corollary argument that this testimony should have been excluded as unnecessary, given the police witness to the sale, is unavailing *(see, People v Alvino, supra,* at 245).

We have reviewed defendant's remaining contentions and find them to be without merit.

Levine, J. P., Mercure, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.