**Luxley George MALSH, Petitioner–Appellant,**

v.

**Robert HANSLMAIER, Acting Superintendent, Woodbourne Correctional Facility, Respondent-Appellee.**

No. 657, Docket 96–2330.

United States Court of Appeals, Second Circuit.

Submitted Dec. 6, 1996.

Decided Dec. 12, 1996.

Timothy J. Lawliss, Lawliss & Cantwell, Plattsburgh, NY, for Petitioner–Appellant.

Peter H. Schiff, Deputy Solicitor General, Office of the Attorney General of the State of New York (Dennis C. Vacco, Attorney General, Nancy A. Spiegel and Marlene O. Tuczinski, Assistant Attorneys General, of counsel), Albany, NY, for Respondent–Appellee.

Before: WINTER and WALKER, Circuit Judges, and WEXLER, District Judge.[*]

PER CURIAM:

Luxley George Malsh appeals from Chief Judge McAvoy's dismissal of his petition for a writ of habeas corpus. Malsh claims that the district court erred in failing to review the entire state court trial transcript with respect to his claim that the evidence presented at trial was legally insufficient to sustain his conviction. We disagree.

Malsh was convicted of possessing more than ⅛ ounce of cocaine, possessing cocaine with intent to sell it, and resisting arrest, following a jury trial held in Schenectady

[*] The Honorable Leonard B. Wexler of the United States District Court for the Eastern District of New York, sitting by designation.

County Court. Malsh directly appealed the state court conviction on several grounds, including a claim that the evidence was legally insufficient to sustain his conviction. The New York State Appellate Division, Third Department, affirmed his conviction. *People v. Malsh*, 188 A.D.2d 686, 590 N.Y.S.2d 923 (3d Dep't 1992). Malsh then sought a writ of habeas corpus in federal court, challenging his state court trial on fourteen grounds. Magistrate Judge Di Bianco, to whom the case was referred, found all of the claims to be meritless and recommended that the petition be denied and dismissed. In his report, the Magistrate Judge wrote:

> This Court does not have the entire trial transcript. It does, however, have large portions of the transcript in the form of appendices to respondent's brief, petitioner's brief, and petitioner's supplemental brief to the Appellate Division, Third Department. Because these appendices constitute the full record considered by the Appellate Division, any claims based on other portions of the original trial transcript was not fairly presented in state court. Accordingly, this court does not require the full original transcript to make a recommendation as to the proper disposition of this case.

*Malsh v. Hanslmaier*, 94–Civ–687 at 4–5 n. 3 (N.D.N.Y. May 2, 1995) (Magistrate Judge's Report–Recommendation). The district court adopted the Magistrate Judge's recommendation and denied and dismissed Malsh's petition. *Malsh v. Hanslmaier*, No. 94–Civ–687, 1996 WL 204347 (N.D.N.Y. Apr.11, 1996). The district court stated that "due process does not require that the reviewing court consider the entire record when attempting to ascertain whether a habeas petitioner's conviction was supported by sufficient evidence." *Id.* at *4. The district court granted Malsh a certificate of probable cause to bring this appeal.

The standard for reviewing a sufficiency claim based on due process is well settled: "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Malsh claims that if the district court does not review the entire state court record, it cannot properly dismiss a sufficiency claim because it may be ignorant of essential pieces of evidence. Malsh argues that our language in *United States v. Casamento* obligates the district court to consider the entire trial record on habeas review. 887 F.2d 1141, 1156 (2d Cir.1989), *cert. denied*, 493 U.S. 1081, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990). We disagree. When we stated in *Casamento* that "a reviewing court must view pieces of evidence not in isolation but in conjunction," *id.*, we meant only that the reviewing court must "piece together circumstantial evidence" where a defendant challenges the sufficiency of a conspiracy conviction, *id.*

█ Of course, a reviewing court *may* consider the entire record if it finds such review appropriate. *See Malsh v. Hanslmaier*, 1996 WL 204347 at *4 ("As a matter of practice, the Southern District appears to examine the record as a whole when deciding such issues" (*citing Simmons v. Dalsheim*, 543 F.Supp. 729, 735 n. 2 (S.D.N.Y.1982) *aff'd*, 702 F.2d 423 (2d Cir.1983); *Neumann v. New York*, 526 F.Supp. 286, 288 (S.D.N.Y.1981); *Stahl v. New York*, 520 F.Supp. 221, 224 (S.D.N.Y. 1981))). However, there is no *per se* rule that a court reviewing the sufficiency of the evidence on a habeas petition must review the entire state court trial record. It is the petitioner's burden to state the grounds for the insufficiency claim, and the court need do no more than review those portions of the record pertinent to those grounds. Presumptively, a review of the portions of the record submitted earlier to a state appellate court in support of the insufficiency claim is adequate. If other portions are relevant, then it is up to the petitioner to identify those portions and to indicate why review of them is necessary. Malsh has failed to identify any such additional portions, and we affirm.