■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WASHINGTON, Appellant. [657 NYS2d 24] —Judgment, Supreme Court, Bronx County (Frank Torres, J., on applica-tion to amend indictment; Gerald Sheindlin, J., on speedy trial motion; John Moore, J., at jury trial and sentence), rendered September 9, 1993, convicting defendant of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree, and sentencing him to concurrent terms of 6 to 18 years, 6 to 18 years and 2¹/₃ to 7 years, respectively, unani-mously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

Defendant was not deprived of his statutory right to a speedy trial since only 121 days were chargeable to the People. We specifically note that the 72-day postreadiness delay from December 9, 1991 to February 19, 1992 was attributable to the demands of the court calendar and thus was excludable (*People v Goss*, 87 NY2d 792, 797). Moreover, the People were not required to repeatedly declare their continued readiness (*People v Cortes*, 80 NY2d 201, 214), and the unremarkable fact that the Assistant District Attorney who answered the calendar call was not personally assigned to try the case was irrelevant to the People's readiness. We decline to consider the 41-day delay from May 12, 1993 to June 22, 1993, which period fell after the decision on defendant's last speedy trial motion

and was not the subject of any subsequent motion or other action by defendant (*see, People v Luperon*, 85 NY2d 71, 78).

The court properly denied defendant's request to present the testimony of an expert on the susceptibility of young children to suggestion. This subject was not beyond the knowledge of the jurors, and, in any event, the child revealed the incident prior to any prodding or questioning by anyone and any deficiencies in her memory and the effects of any suggestibility were presented to the jury through cross-examination and summations and were the subject of proper jury instructions (*People v Anderson*, 218 AD2d 533, 534, *lv denied* 87 NY2d 844; *People v Tissois*, 131 AD2d 612, 614-615, *affd* 72 NY2d 75).

The court properly granted the People's motion to amend the sodomy and sexual abuse counts of the indictment as "to matters of form" pursuant to CPL 200.70 (1) (*see, People v Perez*, 83 NY2d 269; *People v Acevedo*, 215 AD2d 115, *lv denied* 85 NY2d 969).

We have considered defendant's remaining contention and find it to be without merit.

Motion seeking to amend this Court's order of January 21, 1997, is granted. The unpublished decision and order of this Court entered herein on January 21, 1997 is hereby recalled and vacated. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Andrias, JJ.