■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WARWICK, Appellant. [657 NYS2d 602] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., on speedy trial motions; Robert Straus, J., at jury trial and sentence), rendered June 6, 1994, convicting defendant of robbery in the first degree, robbery in the second degree, criminal impersonation in the first degree (two counts), and attempted kidnapping in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of $8^{1}/_{2}$ to 17 years, 7 to 14 years, 2 to 4 years, 2 to 4 years, and 7 to 14 years, respectively, unanimously affirmed.

Defendant's speedy trial motion was properly denied, since the total time chargeable to the People is 156 days, well within the time permitted under CPL 30.30. The adjournments from January 23 to February 6, 1992 and March 25 to April 15, 1993 were properly excluded, since they were requested by defense counsel (People v Worley, 66 NY2d 523, 527). Only 7 days of the postreadiness delay from July 21 to August 2, 1993 was chargeable, as the portion of the adjournment period actually requested by the People (People v Urraea, 214 AD2d 378; see also, People v Reid, 214 AD2d 396). Defendant's contentions concerning periods of delay subsequent to the filing of his speedy trial motion are unpreserved (People v Washington, 238

AD2d 263) and unsupported by the record. We reject defendant's remaining speedy trial arguments.

Although the trial court, in its pre-voir dire comments to the jury, may have included some unnecessary details as to the evidence that the prosecutor intended to offer at trial, the court's accompanying instructions were fully sufficient to dispel any prejudice to defendant (*see, People v Gonzalez*, 225 AD2d 468, *lv denied* 88 NY2d 936). The court properly refused defendant's request to deliver further preliminary instructions which would have reiterated, in substance, the instructions it had already given.

The trial court's procedure in connection with *Batson* inquiries sufficiently complied with the required protocols. Where, as here, a party asserting the peremptory strike puts forward ethnic-neutral reasons and the other side says nothing more, the Trial Judge may nevertheless make a finding of pretext with the court's articulated rejection of the ethnic-neutral reason (*People v Payne*, 88 NY2d 172, 184).

The trial court properly discharged a sworn juror, following appropriate inquiry on the record that revealed that the juror in question was "unavailable for continued service" (CPL 270.35 [1]; *People v Page*, 72 NY2d 69), due to her inability to be sequestered. The court was under no obligation to consider, *sua sponte,* the "alternatives" to discharge of the juror now suggested by defendant for the first time on appeal.

We have reviewed defendant's additional claims of error, including those contained in his *pro se* supplemental brief, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.