■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD SHARLAND, Appellant. [672 NYS2d 437] —Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 4, 1996, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the second degree.

Based upon a police search of defendant's residence, which disclosed a number of marihuana plants, defendant was indicted for the Public Health Law misdemeanor of growing cannabis by an unlicensed person (count one) and the crime of criminal possession of marihuana in the second degree (count two). During trial, defendant moved to dismiss both counts of the indictment. County Court denied the motion with respect to count two and reserved decision with regard to count one. After the jury convicted defendant of both counts, County Court granted defendant's motion and dismissed count one of the indictment because of the People's failure to present prima facie evidence that defendant did not have a license to grow cannabis. Defendant appeals and we affirm.

We first reject the novel, speculative and wholly unsupported contention that County Court's failure to dismiss count one of the indictment before the case went to the jury somehow contributed to the guilty verdict with regard to count two. Next, because the lack of a license to grow marihuana is not an element of the crime of criminal possession of marihuana in the second degree, County Court did not err in refusing to dismiss count two of the indictment. The conscious possession of contraband such as marihuana is a crime per se, permitting the inference that the possession is an unlawful and guilty one (see, People v Reisman, 29 NY2d 278, 286, cert denied 405 US 1041; People v Tirado, 47 AD2d 193, 194-195, affd 38 NY2d

955, 956). Further, we reject the contention that County Court should have struck the testimony of the People's forensic scientist due to the People's failure to present competent evidence of the accuracy of the known standard employed in the gas chromatography test. Because the expert's opinion was premised in part on a test that did not employ a known standard, i.e., the Duquenois-Levine color test, the testimony identifying the substance as marihuana was admissible (see, People v Rotundo, 194 AD2d 943, 946, lv denied 82 NY2d 726).

Defendant's additional contentions, including his challenge to the People's summation and the claim that he was entitled to an adverse inference charge based upon evidence that the police destroyed marihuana plants that had been seized from a different site, have also been considered and found to be unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.