■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY WILLIAMS, Appellant. [679 NYS2d 614] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J., at hearing; Edwin Torres, J., at jury trial and sentence), rendered March 29, 1995, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, and judgment, same court (Edwin Torres, J.), rendered March 29, 1995, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a concurrent term of 2 to 4 years, unanimously affirmed.

Defendant's suppression motion was properly denied. We see no reason to disturb the court's credibility determinations. Since the officer observed defendant having a conversation with an unidentified woman in an area the officer characterized as a drug-prone location, then observed the woman start to hand defendant money in exchange for several small bags, which the officer, based on his extensive law enforcement experience, believed to be the type used to package crack cocaine, the officer had probable cause to arrest defendant (*see, People v Jones*, 90 NY2d 835). Defendant's statements given after he received *Miranda* warnings were not the result of a single, continuous chain of events beginning with improper questioning in the absence of *Miranda* warnings (*People v Chapple*, 38 NY2d 112, 115) because there was a "definite, pronounced break in the interrogation".

The evidence was legally sufficient to establish defendant's guilt of criminal possession of a controlled substance in the third degree, and the verdict was not against the weight of the evidence. Under the circumstances presented, including defendant's conduct indicative of selling, and his possession of a substantial amount of cocaine, the evidence was clearly sufficient to establish his intent to sell (*People v Alvino*, 71 NY2d 233; *People v Turner*, 228 AD2d 331, *lv denied* 88 NY2d 996).

The comments of the prosecutor during summation did not deprive defendant of a fair trial since they constituted proper inferences to be drawn from the testimony at trial and proper responses to the summation of defense counsel (*People v Galloway*, 54 NY2d 396; *People v Ashwal*, 39 NY2d 105).

Defendant's request for a missing witness charge was properly denied as untimely and on the basis of his failure to meet his burden of demonstrating that the proposed witness could provide anything other than cumulative testimony (*People v Gonzalez*, 68 NY2d 424; *People v Rivera*, 249 AD2d 141).

We have considered and rejected defendant's remaining contentions. Concur—Lerner, P. J., Sullivan, Nardelli and Rubin, JJ.