■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT AMADEO, Appellant. [701 NYS2d 471] —Graffeo, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered July 1, 1997, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

In October 1996, an off-duty police officer was traveling in his automobile on Hulett Street in the City of Schenectady, Schenectady County, when he observed defendant and Robert Ruiz, both of whom he recognized, on the side of the road approximately 15 feet away. The officer witnessed defendant hand plastic envelopes to Ruiz, who in turn walked approximately 10 feet to a nearby house, knelt underneath the porch and reached into the foundation of the house. The officer then exited his vehicle and apprehended Ruiz as defendant fled. After Ruiz was detained, the plastic envelopes from under the porch were retrieved and were subsequently determined to contain heroin. Defendant was arrested later that day.

Following a jury trial, defendant was convicted of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. County Court sentenced defendant as a second felony offender to concurrent prison terms of 12½ to 25 years.

Defendant appeals, contending that the jury's verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Criminal sale of a controlled substance in the third degree involves the knowing and unlawful sale of a narcotic drug (see, Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree requires that defendant knowingly and unlawfully possessed a narcotic drug with the intent to sell it (see, Penal Law § 220.16 [1]). Here, the police officer who observed the transaction testified that he personally knew Ruiz and defendant, and that from 15 feet away he saw defendant hand plastic envelopes to Ruiz. Thereafter, he witnessed Ruiz place the plastic envelopes in the foundation of the house. In contrast to the police officer's testimony, Ruiz claimed that although the envelopes contained heroin, he had received the drugs from a dealer in New York City and not from defendant.

Defendant's argument relies on the supposition that the jury failed to properly credit the testimony of Ruiz and accorded undue weight to the police officer's testimony. We disagree. Questions of credibility were for the jury to resolve and its acceptance of the testimony of the police officer and rejection of Ruiz's testimony was within its province to determine (see, People v Stumbrice, 194 AD2d 931, 934, lv denied 82 NY2d 727). The record reveals that Ruiz's testimony was contradicted by his previous statements, including his original plea allocution, at which time he stated that defendant gave him the heroin. Although Ruiz later withdrew his plea and gave a different rendition of the facts at defendant's trial, the jury had a sufficient basis to reject Ruiz's version of the events (see, People v Rose [Cousins], 215 AD2d 875, 876, lvs denied 86 NY2d 793, 801).

Under these circumstances, legally sufficient evidence was extant, especially when viewed in a light most favorable to the prosecution (see, People v Dolphy, 257 AD2d 681, 683, lv denied 93 NY2d 872; see also, People v Ortiz, 261 AD2d 102, lv denied 93 NY2d 1024; People v Malsh, 188 AD2d 686, lv denied 81 NY2d 973). Additionally, even when viewing the evidence in a neutral light and weighing the relative probative value of the evidence (see, People v Jefferson, 248 AD2d 815, 817, lv denied 92 NY2d 926), we find no reason to disturb the jury's verdict as against the weight of the evidence (see, People v Malsh, supra, at 688; see also, People v Williams, 255 AD2d 133, lv denied 93 NY2d 981).

Next, because defendant's sentence was within the statutory guidelines and the record discloses no abuse of discretion or

other compelling circumstances to support a sentence reduction, we conclude that the sentence was not harsh and excessive (*see, People v Hart*, 266 AD2d 584; *People v Chapin*, 265 AD2d 738), especially in light of defendant's lengthy criminal record (*see, People v Henry*, 222 AD2d 932, 936, *lv denied* 88 NY2d 848).

We have considered defendant's remaining contentions and find them lacking in merit.

Peters, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.