■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEHROOZ KANANI, Appellant. [709 NYS2d 505] —Judgment,

Supreme Court, New York County (Antonio Brandveen, J.), rendered March 30, 1998, convicting defendant, after a jury trial, of 12 counts of sodomy in the first degree, and sentencing him to 12 consecutive terms of 8⅓ to 25 years, unanimously affirmed.

The court properly exercised its discretion in precluding defendant's expert from offering testimony on the susceptibility of young children to suggestion. The court conducted a thorough *Frye* hearing (*Frye v United States*, 293 F 1013) and received submissions from the People establishing that the expert's proffered theories were highly controversial and had been rejected by other courts and experts. The record supports the court's finding that defendant failed to meet his *Frye* burden of establishing the general scientific acceptance of the expert's theories. The court also properly concluded that this subject was within the knowledge of the jurors (*see, People v Washington*, 238 AD2d 263, *lv denied* 90 NY2d 944). In any event, defendant was afforded ample scope to attack any deficiencies in the memory of each of the child victims and the effects of any suggestibility. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.

The court properly exercised its discretion in admitting various evidence characterized by defendant as implicating him in uncharged crimes. In each instance, the evidence was properly admitted for the purpose of explaining or refuting matters raised on cross-examination (*see, People v McIver*, 245 AD2d 180, *lv denied* 91 NY2d 1010), and was more probative than prejudicial.

The court properly admitted a prior consistent statement to rehabilitate one of the victims, because it "preceded significant events which defense counsel contended had influenced [the victim] to fabricate [her] trial testimony" (*People v McClean*, 69 NY2d 426, 430). In order to be admissible, the statement was not required to predate all possible motives to falsify (*People v Baker*, 23 NY2d 307, 322-323). The court also properly admitted portions of interviews that clarified other portions of the same interviews already elicited on cross-examination (*see, People v Torre*, 42 NY2d 1036, 1037).

We perceive no abuse in sentencing discretion. Defendant's claim that he received a vindictive sentence upon retrial after this Court's reversal of his earlier conviction in this case (*People v Kanani*, 226 AD2d 226, *lv denied* 88 NY2d 967) is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that, in light of

the deeming provisions of Penal Law § 70.30 (1) (e) (vi), defendant's present sentence is no more severe than the sentence he received after his first trial. Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.