■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. CHILSON, Appellant. [728 NYS2d 550] —Peters, J. Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered February 25, 1999, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts), aggravated sexual abuse in the third degree, sexual abuse in the first degree and endangering the welfare of a child (three counts).

Defendant was charged in a 12-count indictment with conduct involving sexual abuse and endangering the welfare of a child* in connection with his paramour's 10-year-old son, eight-year-old daughter and six-year-old daughter between August 1996 and July 1997. After initial discovery, defendant moved for separate trials on the felony and misdemeanor counts, for an order authorizing a psychological evaluation of the three children to determine whether they were susceptible to suggestive questioning and for a supplemental bill of particulars or dismissal of the indictment by contending that the documents provided lacked specificity. County Court denied the request, but ordered the provision of the children's Grand Jury testimony for the purpose of clarifying certain allegations. After jury selection, however, County Court reconsidered its decision and dismissed all counts alleging a course of sexual conduct against a child in the first degree (Penal Law § 130.75)

---

* Specifically, defendant was charged with two counts of sodomy in the first degree (counts 1 and 2) (Penal Law § 130.50 [3]), two counts of course of sexual conduct against a child in the first degree (counts 3 and 4) (Penal Law § 130.75), aggravated sexual abuse in the first degree (count 5) (Penal Law § 130.70 [1] [c]), aggravated sexual abuse in the third degree (count 6) (Penal Law § 130.66 [1] [c]), sexual abuse in the first degree (count 7) (Penal Law § 130.65 [3]) and two counts of course of sexual conduct against a child in the second degree (counts 8 and 9) (Penal Law § 130.80). Defendant was further charged with three misdemeanor counts of endangering the welfare of a child (counts 10, 11 and 12) (Penal Law § 260.10 [1]).

and one of the two counts alleging a course of sexual conduct against a child in the second degree (Penal Law § 130.80). Following the People's case, it further dismissed the sole count alleging aggravated sexual abuse in the first degree (Penal Law § 130.70 [1] [c]) and the remaining count alleging a course of sexual conduct against a child in the second degree (Penal Law § 130.80). At the conclusion of trial, the jury returned a verdict convicting defendant of the remaining charges. He was thereafter sentenced as a second felony offender to a term of imprisonment aggregating 50 years. Defendant appeals.

We reject defendant's contention that County Court erred by denying his motion to sever. Offenses joined in an indictment may be tried together where they arise out of separate transactions and proof of either would be material as evidence at the trial of the other (see, CPL 200.20 [2] [b]; People v De Vyver, 89 AD2d 745, 748). Here, the felonies and misdemeanors were inextricably linked as the misdemeanor counts of endangering the welfare of a child stemmed from the physical abuse inflicted during the commission of the felony sex offenses and as punishment for their failure to acquiesce to defendant's sexual demands. As it was entirely proper to present these crimes together for trial (see, e.g., People v Watson, 281 AD2d 691, 692-693), the denial of defendant's motion was a provident exercise of the court's discretion (see, People v Johnson, 268 AD2d 891, 893, lv denied 94 NY2d 921; People v Burnett, 228 AD2d 788, 789).

Equally unavailing is defendant's assertion that the misdemeanor counts of the indictment were duplicitous. "Because 'a defendant may be guilty of [endangering the welfare of a child] by virtue of a series of acts' " (People v Dunavin, 173 AD2d 1032, 1033, lv denied 78 NY2d 965, quoting People v Keindl, 68 NY2d 410, 421) committed over a period of time, the counts cannot be duplicitous as a matter of law (see, People v Dunavin, supra, at 1033).

Also without merit is defendant's contention that County Court erred by denying his motion to compel a supplemental bill of particulars. The bill provided was sufficiently particularized to describe the crimes for which he was convicted (see, People v Boyea, 222 AD2d 937, 938, lv denied 88 NY2d 934)—a fact wholly conceded by defendant. As to those counts for which he was not convicted, his contention that they lacked particularity is academic since these counts were ultimately dismissed (see generally, People v Noonan, 220 AD2d 811, 813; People v Lizzio, 178 AD2d 741, 741, lv denied 79 NY2d 921). For that reason, there is no merit to the contention that their dismissal

during trial was either untimely or the cause of prejudice (*see generally, People v Sharland,* 249 AD2d 834, 834).

Nor do we find that the People's failure to disclose the investigative notes of two child protective caseworkers who testified at trial constituted a violation of either *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) or *Brady v Maryland* (373 US 83). The record reflects that these witnesses merely testified that defendant was present when they visited the children's home; the notes generated therefrom remained within the confines of the case file. Since the People never requested a review of these materials and they were never within the People's possession or under their control, they were not subject to disclosure under *Rosario* (*see, People v Washington,* 86 NY2d 189, 192-193; *People v Flynn,* 79 NY2d 879, 882; *People v Gillis,* 220 AD2d 802, 805, *lv denied* 87 NY2d 921); the fact that the caseworkers were investigating a similar matter does not compel a different result (*see, e.g., People v Tissois,* 72 NY2d 75, 77-79). By the foregoing, we further fail to discern a violation of *Brady v Maryland* (*supra*) (*see, People v Johnson,* 226 AD2d 828, 829, *lv denied* 88 NY2d 987; *People v Stevens,* 216 AD2d 676, 678, *lv denied* 87 NY2d 908).

As to the denial of defendant's request for psychological evaluations of the three children to assess whether they were susceptible to suggestion, we find no error since defendant was provided with an opportunity to cross-examine each of them to explore this premise (*see, People v Kanani,* 272 AD2d 186, 187, *lv denied* 95 NY2d 935). Had a psychological evaluation been performed and defendant sought to introduce such expert's testimony on the issue of susceptibility, we note that such testimony has been rejected by courts and other experts as "highly controversial" (*People v Kanani, supra,* at 187; *see, People v Washington,* 238 AD2d 263, 264, *lv denied* 90 NY2d 944; *but see, People v Michael M.,* 162 Misc 2d 803 [court ordered a suppression hearing to determine whether child was subject to suggestive questioning]).

Defendant's assertion that his sentence was harsh and excessive is similarly unavailing. Although defendant rejected the People's plea offer of 12 years' imprisonment, "[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Simon,* 180 AD2d 866, 867, *lv denied* 80 NY2d 838). Considering the nature of the crimes committed against these three young children as well as defendant's prior criminal history, which includes convictions for similar offenses, we can find no reason

to disturb the sentence imposed (*see, People v Hines*, 263 AD2d 682, *lv denied* 93 NY2d 1019; *People v Johnson*, 243 AD2d 997, 999, *lv denied* 91 NY2d 927; *People v Miller*, 226 AD2d 833, 837, *lv denied* 88 NY2d 939).

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.