■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WHITE, Appellant. [742 NYS2d 545] —Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered July 30, 1998, convicting defendant, after a jury trial, of burglary in the first degree, assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years imprisonment, unanimously affirmed.

The verdict was not against the weight of the evidence. The issues raised by defendant concerning the victim's late disclosure of defendant's identity and the circumstances surrounding the testimony of the accomplice witness were properly placed before the jury and we find no reason to disturb its credibility determinations.

Defendant claims that the court erred in permitting the prosecution to elicit, on rebuttal, the accomplice's prior consistent statement, in an attempt to rehabilitate or bolster his testimony implicating defendant, which had been attacked on cross-examination as a recent fabrication. The alleged motive for such recent fabrication was that it was intended to help the accomplice obtain a favorable plea bargain and to favorably resolve a possible violation of probation on an earlier conviction. Defendant contends that the same motive existed when the accomplice made the prior statement shortly after his arrest as existed at trial. However, defendant's objection at trial was made solely on the ground of relevance and his present objections, including those relying on the State and Federal Constitutions, have not been preserved for our review and we decline to review them in the interest of justice. Were we to do so, we would reject them. One of the possible reasons for the witness to fabricate, viz., a possible violation of probation on an earlier conviction, did not arise until after the earlier post-arrest statement. "In order to be admissible, the statement was not required to predate all possible motives to falsify (*People v Baker*, 23 NY2d 307, 322-323)" (*People v Kanani*, 272 AD2d 186, 187, *lv denied* 95 NY2d 935).

Defendant's contentions concerning the court's charge are also unpreserved and we decline to review them in the interest of justice. Defendant's claim that his sentence is excessive is unpersuasive and we perceive no basis to reduce it. Concur—Andrias, J.P., Saxe, Buckley, Friedman and Marlow, JJ.