■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SWAIN CHAPPELLE, Appellant. [787 NYS2d 501]—

Lahtinen, J. Appeal from a judgment of the County Court of Ulster County (LaBuda, J.), rendered October 10, 2001, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and tampering with physical evidence.

After allegedly being observed by police with numerous bags of crack cocaine, defendant was arrested and eventually indicted for the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and tampering with evidence. Defendant, a

second felony offender, pleaded guilty to criminal possession of a controlled substance in the third degree in exchange for a sentence of 6 to 16 years in prison. He appealed and we reversed since the prison sentence was not authorized by the controlling statutes (282 AD2d 834 [2001]). Defendant was then offered a sentence of 6 to 12 years, which he rejected, electing instead to proceed to trial. He was found guilty by a jury of the three crimes charged in the indictment and received concurrent sentences of incarceration, the longest of which was 12 1/2 to 25 years. Defendant appeals.

We are not persuaded by defendant's contention that the sentence was harsh and excessive or should be modified in the interest of justice. With respect to his argument that he was allegedly penalized for deciding to exercise his right to a jury trial, we have previously observed that "[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Simon,* 180 AD2d 866, 867 [1992], *lvs denied* 80 NY2d 838 [1992]; *see People v Pena,* 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981]). Defendant had a lengthy criminal record, including numerous prior drug-related arrests and violent felony convictions. County Court stated that the sentence was in response to defendant's recidivism, lack of remorse and previous failures at rehabilitation. Under such circumstances, the sentence was within County Court's discretion (*see People v Miles,* 8 AD3d 758, 761 [2004], *lv denied* 3 NY3d 678 [2004]; *People v Franklin,* 288 AD2d 751, 756 [2001], *lv denied,* 97 NY2d 728 [2002]; *People v Amadeo,* 268 AD2d 672, 673-674 [2000], *lv denied* 95 NY2d 832 [2000]). There is no indication in the record that the sentence was motivated in any respect by retaliation or vindictiveness because defendant exercised his right to trial (*see People v Simon, supra* at 867). Nor are we persuaded by defendant's further assertion that County Court imposed a lengthy sentence as a result of being "clearly impassioned" by the terrorist attacks of September 11, 2001, which occurred one month before sentencing.

Defendant's pro se argument that County Court improperly precluded him from impeaching the police officers was neither preserved for appeal nor is it supported by the record. We find no merit in defendant's further pro se challenge to County Court's determination that there was probable cause for his arrest. One of the officers, who was an experienced member of the narcotics unit, testified at the suppression hearing about watching from an unmarked car as defendant counted bags of crack

cocaine. This evidence, which County Court found credible, established probable cause for the arrest (*see People v Earley,* 244 AD2d 769, 770-771 [1997]; *see also People v Maldonado,* 86 NY2d 631, 635-636 [1995]).

Mercure, J.P., Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.