■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRITZLET TISSOIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered November 25, 1985, convicting him of rape in the second degree (two counts), sexual abuse in the first degree

(two counts), and sexual abuse in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was accused of sexually abusing three children whose family temporarily shared an apartment with him during the summer of 1984. The defendant contended that the children had been coerced by their father into making the accusations. There is testimony in the record that a defense witness had, prior to the trial, contacted a child welfare agency with regard to the severe discipline imposed upon the children by their father.

The defendant maintains on appeal that several of the trial court's rulings prevented him from adequately presenting his defense. He initially challenges the trial court's refusal to turn over as *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) the records of the Brooklyn Society for the Prevention of Cruelty to Children, a private child welfare agency which interviewed and counseled the children prior to the trial. The records of the agency were subpoenaed and reviewed in camera by the court. After hearing the testimony of the first of the three infant victims, defense counsel requested access to the records of the social worker's visits to the children for purposes of cross-examination. Counsel alleged that the notes contained statements of the complainants which might be inconsistent with their trial testimony and which might lend support to the defense theory that the complainants had been manipulated by their father. The trial court refused to turn over the records, finding, after its in camera review, "nothing whatsoever exculpatory, and nothing whatsoever, so far, that is inconsistent". Defense counsel renewed her objections at the conclusion of the People's case. The defendant's motion pursuant to CPL article 330 to vacate the verdict on the ground that the trial court had erroneously withheld the subject records was denied by order dated November 25, 1985 (Goldstein, J.). The trial court found that the defendant had failed to demonstrate " 'relevance, materiality, absence of less intrusive access, and need' " *(People v Robinson,* 87 AD2d 877, 878, quoting from *Matter of Farber,* 78 NJ 259, 275, 394 A2d 330, 338, *cert denied sub nom. New York Times Co. v New Jersey,* 439 US 997; *see, People v Pena,* 127 Misc 2d 1057).

It bears noting that the subject notes were privileged communications not subject to disclosure to the defendant or the prosecution. CPLR 4508 (a) provides that a certified social worker shall not be required to disclose a communication

made by his client to him in the course of his professional employment. One of the exceptions which has been carved out of the general rule is the following: "where the client is a child under the age of sixteen and the information acquired by the certified social worker indicates that the client has been the victim or subject of a crime, the certified social worker may be required to testify fully in relation thereto upon any examination, trial or other proceeding in which the commission of such crime is a subject of inquiry" (CPLR 4508 [a] [3]). This exception in no way implies that a social worker can be compelled to disclose the confidential records relating to privileged communications. At most, the statutory exception would afford the defendant an opportunity to call the social worker to the stand to testify. Having failed to do so, the defendant has effectively waived the opportunity provided him by statute and is without basis to now complain of the result of his failure. Moreover, the exception upon which the defendant would rely is couched in permissive rather than mandatory language. Thus, the defendant's claim that he was entitled to inspect the notes made by the social worker in this case is patently specious.

A request to examine privileged records for the purpose of impeaching a witnesses' general credibility constitutes an impermissible use of confidential material (see, People v Gissendanner, 48 NY2d 543, 548; cf., Matter of Grand Jury Proceedings Special Investigation 1198/82, 118 Misc 2d 683). In view of the defendant's failure to make the requisite showing to overcome the confidentiality of the social worker's records, the trial court, after an in camera inspection, properly denied the defendant's request for access to that material. The case of People v De Jesus (69 NY2d 855), wherein the prosecution failed to specify at the trial his objections to furnishing the requested material does not compel a contrary result.

The defendant's contention that he was deprived of a fair trial by the court's refusal to allow defense counsel to impeach the testimony of the victims' parents is without merit. Inasmuch as the defendant was clearly forewarned that the parents would be hostile witnesses, the court's ruling that it would make a determination as to hostility at the time they testified was correct (see, People v Smith, 104 AD2d 160, 165-166).

Furthermore, the trial court did not abuse its discretion in denying the defendant's request to call an expert witness regarding the children's credibility on the issue of the defen-

dant's guilt inasmuch as the situation was not one in which professional or technical knowledge possessed by an expert and beyond the ken of the average juror was needed to clarify an issue (see, DeLong v County of Erie, 60 NY2d 296, 307; cf., People v Benjamin R., 103 AD2d 663; People v Reid, 123 Misc 2d 1084). Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.