■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. MORIN, Appellant. [596 NYS2d 508] —Yesawich Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered June 28, 1991, upon a verdict convicting defendant of the crimes of sodomy in the first degree (four counts), sexual abuse in the first degree and endangering the welfare of a child (two counts).

On June 1, 1990, defendant was indicted on four counts of sodomy in the first degree (counts one through four), one count each of using a child in a sexual performance (count five), sexual abuse in the first degree (count six) and sexual abuse in the second degree (count eight), and two counts of endangering the welfare of a child (counts seven and nine). This indictment, which arose from defendant's sexually abusive encounters with three children over several years, was the result of Grand Jury testimony furnished by the children (hereinafter referred to as T, J and N), their mothers and the officer who took defendant's written statement, as well as by the substance of that statement.

Defendant moved to dismiss the indictment on the ground that it was not supported by legally sufficient evidence; this motion was denied after County Court conducted an *in camera* review of the Grand Jury minutes. Defendant also moved to suppress his statement asserting that it was not voluntarily made; after a hearing, this motion was also denied. Before the statement was admitted at trial, however, it was agreed among counsel and the court that certain portions, dealing with a fourth victim, would be redacted, and they were. Convicted of seven of the nine counts, and sentenced to an aggregate period of between 21 and 57 years of incarceration, defendant appeals.

Defendant contends that the proof before the Grand Jury on counts one through five (specifically the uncorroborated, unsworn testimony of T, who was eight years of age at the time) was not legally sufficient to support those counts. Inasmuch as defendant's conviction on counts one through four is based upon legally sufficient trial evidence—not unimportantly, County Court found at the time of trial that T understood the nature of an oath (CPL 60.20 [1], [2]) and was able to give sworn testimony—defendant cannot challenge the sufficiency of the evidence which was before the Grand Jury *(see, People v Thomas,* 148 AD2d 883, 884, *lv denied* 74 NY2d 748; *People v Widmer,* 137 AD2d 929, 931, *lv denied* 72 NY2d 868). And,

with respect to count five, it suffices to note that defendant was found not guilty of this count.

With regard to his written statement, defendant argues that although it was redacted to remove all references to uncharged crimes involving a different victim, it still contained material which was unfairly prejudicial. There having been no objection made to the admission of the statement as redacted, this issue has not been preserved for review. Moreover, the statement, as admitted, does not contain evidence of prior abuse of the victims, but only evidence of sexual contact at some of the times and places charged in the indictment, which is obviously relevant. Defendant's admission that he touched T's genitals bears on the credibility of her testimony, taken under oath at trial, that defendant engaged in oral contact with her vulva at the same time. Defendant's other admissions included engaging in a course of sexual conduct with J during 1983 and 1984 and with N throughout 1985, and also the possibility that he "played with [J] and [N]" after late 1985. Because these statements constitute direct evidence of the conduct charged in counts seven and nine, endangering the welfare of N and J, respectively, they cannot be said to be unduly prejudicial.

Also unpreserved for review is defendant's claim that County Court erred in failing to instruct the jury that defendant's statement required corroboration. And, given the extensive corroboration of defendant's statement, reversal of his convictions is not warranted on interest of justice grounds.

Defendant's contention that there was insufficient proof at trial to support the conviction on count nine, endangering the welfare of J, is likewise without merit. This argument finds its basis in the assertion that there was no proof of any sexual conduct that occurred both during the time period charged (October 1983 through July 23, 1988) and also during the appropriate limitations period (after June 1, 1988). J, however, testified that the abuse occurred "about every Sunday or every other Sunday" from the time he moved to a particular apartment in November 1985 until July 1988. This is sufficient proof of a continuing course of conduct extending into the limitations period, and thus supports the conviction.

Nor is there merit to defendant's contention that he was denied effective assistance of counsel. There is no showing that defendant's attorney failed to represent defendant's interests or to pursue an appropriate defense strategy. The actions of which defendant complains, including counsel's failure to

move to sever the trial, his decision not to have defendant appear before the Grand Jury, and his failure to make certain evidentiary objections, all represent reasonable tactics and defendant has proffered no proof that they were not premised on a legitimate, strategic basis (see, People v Rivera, 71 NY2d 705, 709). Defense counsel did, on the other hand, move to dismiss the indictment on the ground of insufficient evidence before the Grand Jury, requested a *Huntley* hearing, thoroughly cross-examined the People's witnesses and presented his own witness to impeach them. As this defense resulted in defendant's acquittal on two of the nine charges, it cannot fairly be said that meaningful representation was not provided.

Defendant also argues that because the right to be present at all material stages of a criminal prosecution emanates from the fundamental constitutional rights of due process and a fair trial, the fact that he was not permitted to be present when jurors were questioned at the bench regarding potential bias and fitness to serve (see, People v Antommarchi, 80 NY2d 247, 248) mandates reversal. The Court of Appeals, however, subsequently determined that the right to be present at such questioning arises not from any Federal constitutional right, but only from the statutory right to be present during the trial of an indictment (CPL 260.20), and thus that State law of retroactivity could be applied (People v Mitchell, 80 NY2d 519, 527). Applying that law, the Court of Appeals concluded that the *Antommarchi* rule implicates only those cases in which jury selection took place after October 27, 1992, the date that case was decided (supra, at 529). Hence, it does not apply here.

Finally, defendant argues that his sentence was illegal, harsh and excessive. At the outset, it should be noted that while the first four counts involved the same victim and time period, they alleged two separate incidents, and hence it was proper for the sentences imposed for counts one and two (which run concurrently) and those imposed for counts three and four (which also run concurrently) to run consecutively. Likewise, it was not improper for the sentences covering counts seven and nine to be imposed consecutively; although the conduct which endangered the two children may have, at times, been part of a single "transaction" or occurred on the same day, it necessarily involved distinct acts toward each child (see, Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839, 843).

The mere fact that a sentence imposed after trial is longer than one offered in exchange for a guilty plea—in this case, a

sentence of 3½ to 10½ years was offered prior to trial—does not constitute grounds for overturning the sentence in the absence of evidence that defendant was given the lengthier sentence solely as a punishment for exercising his right to a trial *(see, People v Pena,* 50 NY2d 400, 411-412, *cert denied* 449 US 1087; *People v Cox,* 122 AD2d 487, 488-489). However, in fashioning an appropriate sentence, the trial court must consider the individual circumstances of both the defendant and the crime *(see, People v Pedraza,* 66 NY2d 626, 627). In view of defendant's negligible criminal record, which consists of one misdemeanor conviction almost 20 years ago, and considering his physical condition—he is suffering from multiple sclerosis —and the circumstances of the crimes, which, although deplorable, were not egregiously heinous, we find the imposition of the maximum sentence for every count to be inappropriate and an abuse of discretion *(see, People v Rosado,* 157 AD2d 754, 755; *People v Tortorice,* 142 AD2d 916, 919; *People v Richard,* 65 AD2d 595). We therefore reduce the sentence, in the interest of justice and as an exercise of our discretion, as indicated herein.

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed for each of the four counts of sodomy in the first degree to an indeterminate period of incarceration of between 3 to 9 years, and, as so modified, affirmed.