OPINION OF THE COURT
Norman J. Felig, J.
Indicted on multiple charges of sodomy in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, defendant moves, inter alia, for a pretrial suppression hearing regarding the exclusion of potential trial testimony by the underage complainants on the ground that it may be found to be "the product of suggestive questioning or *964 substandard clinical procedure by [the] authorities responsible for the investigation”, citing People v Hudy (73 NY2d 40).
The motion for a pretrial suppression hearing is denied.
Rather than standing broadly for the proposition that allegedly suggestive pretrial investigatory procedures in prosecutions involving the alleged commission of sexual offenses against young children may warrant the suppression of the underage victim’s in-court testimony regarding the events in issue, the Court of Appeals in People v Hudy (supra) held, insofar as is here relevant, that it was error for the trial court to foreclose "examination of the two investigating officers about the manner in which the child-witnesses [in that case] were first questioned * * * since the [proposed line of] questioning concerned more than the credibility of the People’s witnesses in general and went instead to a possible reason for fabrication by [those] impressionable witnesses, i.e., the investigators’ suggestive comments” (People v Hudy, supra, at 56-57 [Titone, J.]). Particularly noteworthy in this regard is the fact that in the course of reversing the defendant’s convictions and remanding the matter for a new trial, the Court of Appeals in Hudy neither held nor suggested that the new trial directed to be had therein should be preceded by a pretrial hearing of the type suggested by the defendant, or that the presence of possible suggestiveness and/or the use of disfavored interview regimes would raise a threshold (legal) issue regarding the admissibility of the children’s in-court testimony, as opposed to presenting a question of fact for the jury to consider during the course of its deliberations (cf., People v Hughes, 59 NY2d 523, 546-547 [retrial of a defendant whose conviction was obtained, in part, through the use of hypnotically refreshed recollection to be preceded by a pretrial hearing to determine the extent of the witness’s prehypnotic recollection, as well as the impact of any posthypnotic suggestiveness upon the defendant’s right of cross-examination]).
The remainder of the cases cited by the defendant are similarly distinguishable on their facts, and do not compel a contrary result (see, e.g., Idaho v Wright, 497 US 805, 826 [hearsay statements of an unavailable child "witness” held to be improperly admitted at a defendant’s trial where the statements in question did not fall within any of the "firmly rooted” hearsay exceptions, and where the presumptive unreliability of the out-of-court statements coupled with the suggestive manner of the child’s interview furnished "no special *965 reason for supposing that the incriminating statements were particularly trustworthy”]).
In short, in the absence of any controlling precedent to the contrary, this court is not disposed to compel the child victims of alleged sex crimes to run an additional gauntlet of pretrial hearings designed to ferret out possible defects in the interview/ counselling process during which the underlying events have been (ofttimes, painfully) illuminated, at least in the absence of any nonspeculative allegations of undue suggestion (cf., People v Stewart, 188 AD2d 626, 627; People v Martinez, 177 AD2d 600, 601-602). This is not to state, however, that the interviewers/counsellors cannot be called as witnesses by the defense to give relevant testimony at any ensuing trial (see, People v Hudy, supra), or that, upon a proper showing, expert testimony may not be adduced regarding the possible effect of the interview/counselling process upon the likelihood of confabulation by any of the child witnesses who may testify thereat (see generally, People v Taylor, 75 NY2d 277, 293; cf., People v Tissois, 131 AD2d 612, 614-615). These determinations must rest in the sound discretion of the trial court.
Turning briefly to the defendant’s allied request for additional pretrial discovery in the form of all the underage victims’ school, counselling and therapeutic records, it is the determination of this court that the foregoing request for (essentially) Rosario material be denied at this juncture, without prejudice to renewal before the trial court (see, People v Tissois, supra). However, the People’s obligation to disclose Brady material remains inviolate.