■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMANO GORGA, Appellant. [701 NYS2d 458] —Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered February 16, 1999, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree,

sodomy in the second degree, endangering the welfare of a child and criminal possession of a weapon in the fourth degree.

In satisfaction of an eight-count superior court information, defendant pleaded guilty to one count each of sexual abuse in the first degree, sodomy in the second degree, endangering the welfare of a child and criminal possession of a weapon in the fourth degree. Defendant was sentenced to consecutive sentences of $2\frac{1}{3}$ to 7 years in prison for the sexual abuse and sodomy charges and definite sentences of one year on the remaining counts, which were to be served concurrently with the sentence imposed on the sexual abuse count. Defendant now argues that this sentence was harsh and excessive because of his terminal illness and the fact that the children he molested were not strangers but members of his family.

We must disagree with these arguments. A sentence within permissible statutory ranges will not be disturbed unless extraordinary circumstances exist warranting a modification (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).* Here, while defendant's illness is unfortunate, given his admitted victimization of children who had every reason to trust him, we find no reason to disturb the sentence imposed in the interest of justice (*see, id.*).

Cardona, P. J., Mercure, Crew III, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Delaware County for further proceedings pursuant to CPL 460.50 (5).

---

* We note in passing our disagreement with the People's suggestion that defendant, who has no prior felony convictions, was illegally sentenced to a one-third minimum prison term because that crime is a class D violent felony (*see*, Penal Law § 70.02 [1] [c]; § 130.65). While it is true that Penal Law § 70.02 has been the subject of several amendments in recent years relating to the sentencing of violent felony offenders, the subject sexual abuse in the first degree count in the superior court information accuses defendant of molesting the victim between June 1991 and June 1992, a period that preceded these amendments and their effective dates (*see*, L 1998, ch 1, §§ 8, 44; L 1995, ch 3, § 4).