OPINION OF THE COURT
Albert Tomei, J.
The defendant stands charged with sexual abuse in the first degree (seven counts), rape in the first degree (two counts), sodomy in the first degree (two counts), sexual abuse in the *900 second degree, and endangering the welfare of a child (three counts). In his omnibus motion, the defendant moves for a pretrial evidentiary hearing to inquire into whether the manner in which law enforcement authorities conducted their investigation — more particularly, the manner in which the authorities questioned the alleged child victim — may have tainted the victim’s testimony. For the following reasons, the court declines to order that such a hearing be conducted.
The defendant asserts that the victim’s delay in reporting the alleged abuse, together with the fact the victim has been interviewed concerning the allegations a number of times by different people, leads to the genuine possibility that the victim’s trial testimony will be the product of fabrication caused by suggestive investigative procedures. Relying on People v Hudy (73 NY2d 40 [1988]), the defendant claims that he is entitled to a pretrial hearing to determine whether the child victim’s testimony may be so tainted by improper and suggestive questioning by investigators as to render it unreliable and inadmissible at trial as a matter of law.
Defendant’s reliance on People v Hudy (supra) is misplaced. In Hudy, the Court of Appeals held that it was error, in the course of trial, to have foreclosed defense cross-examination of the investigators’ methods of questioning the victims. (Id., at 57-58.) However, Hudy cannot be read to require a pretrial hearing on this issue. As another Trial Judge who has considered this issue noted, “in the course of reversing the defendant’s convictions and remanding the matter for a new trial, the Court of Appeals in Hudy neither held nor suggested that the new trial directed to be had therein should be preceded by a pretrial hearing of the type suggested by the defendant, or that the presence of possible suggestiveness and/or the use of disfavored interview regimes would raise a threshold (legal) issue regarding the admissibility of the children’s in-court testimony, as opposed to presenting a question of fact for the jury to consider during the course of its deliberations.” (People v Alvarez, 159 Misc 2d 963, 964 [Sup Ct, Richmond County 1993] [rejecting defendant’s request for pretrial taint hearing in child sex abuse case] [citation omitted].)
Neither the Court of Appeals nor the Appellate Division has adopted a rule requiring pretrial taint hearings in child sexual *901 abuse cases.[1] Moreover, there is no express authority for such a hearing in the Penal Law or the Criminal Procedure Law. Nevertheless, at least one New York court has held that pretrial taint hearings may, in the court’s discretion, be ordered in appropriate cases. (See, People v Michael M., 162 Misc 2d 803 [Sup Ct, Kings County 1994] [finding that court has inherent power to order taint hearing where defendant alleges sufficient facts].) Other States’ courts also have held that pretrial taint hearings may be required in certain circumstances. (See, State v Michaels, 136 NJ 299, 642 A2d 1372,1383 [1994] [New Jersey requires pretrial hearing upon showing of “substantial likelihood of irreparably mistaken or false recollection of material facts bearing on defendant’s guilt],” and Fischbach v State, 676 A2d 902 [Del 1996] [without adopting formal procedures of State v Michaels (supra), Delaware Supreme Court held that trial court must determine whether child victim’s statement is reliable once defense makes sufficient showing that statement was obtained via impermissible interviewing techniques].)
Assuming arguendo that a pretrial taint hearing may be required in certain circumstances, in the present case, this court finds that the defendant has failed to allege facts sufficient to warrant a hearing. At most, defendant raises the specter of potential abuse of the investigation process arising out of the number of times the alleged victim was interviewed concerning the allegations of sexual abuse. He also suggests that her delayed outcry indicates suggestiveness. However, defendant has not alleged that any suggestive interview techniques were used (e.g., offering a reward to the child victim in exchange for confirming the allegations). The court is not convinced that the mere fact that the complainant spoke with investigators on more than one occasion concerning the allegations, together with the delayed outcry, raises concerns about the reliability of her testimony sufficient to require a pretrial hearing on the matter.
In sexual abuse cases involving children, it is not unusual for the outcry to be delayed. Whether because of shame or fear, children often delay reporting or fail entirely to report abuse. *902 Nor is it extraordinary for the alleged victim to undergo multiple interviews prior to trial. Indeed, in the ordinary case, one would expect the victim to be interviewed a minimum of three times: first, when the complaint is initiated; again, prior to the Grand Jury testimony; and at least once more prior to trial. To require a pretrial taint hearing where defendant alleges only that the complainant made a delayed outcry and was interviewed multiple times would be to mandate this procedure in many sexual abuse cases involving child victims. This regimen would create an unnecessary hardship on already-traumatized children. While the court must protect the rights of defendants charged with sex offenses where there are well-founded concerns that serious, improper meddling with the child’s testimony has occurred, at the very least, child abuse complainants should not have to prove their reliability at a pretrial hearing unless the defendant’s claims of suggestiveness are based on more than speculation and supposition.
Since neither the Court of Appeals nor the Appellate Division has spoken definitively on the matter, it is far from clear whether a pretrial taint hearing is required under any circumstances in New York. There is a compelling rationale for leaving the issue of suggestiveness to the trial jury. The law of New York evinces a strong interest in protecting complainants in sexual assault cases — particularly, child witnesses — from intimidation. (See, e.g., People v Glover, 60 NY2d 783 [1983] [trial court’s limited closure of courtroom during rape victim’s testimony was justified by need to prevent disruption during sensitive testimony], and People v Joseph, 59 NY2d 496, 498 [1983] [trial court properly excluded all spectators, including defendant’s family and Mends, from courtroom during sodomy victim’s testimony on ground that closure would “foster the truth-discovery process”]; see also, CPL 65.00 et setq. [provides that vulnerable child witness may testify viá closed circuit television], and CPL 60.42 [places limits on admissibility of evidence of victim’s sexual conduct in sex offense cases].) Permitting defendants to litigate the taint issue at a pretrial hearing, rather than leaving the issue for the jury to resolve at trial, runs contrary to this interest.
In all likelihood, the scope of the hearing would encompass practically the entire investigation of the case. The list of evidence cited by the court in Michael M. (162 Misc 2d, supra, at 812) as relevant to the taint determination — “any record of the interviews themselves (notes, audiotapes, videotapes, etc.), *903 testimony of the interviewers and anyone present, learned treatises on the issue, and expert testimony” — illustrates the wide area that a taint hearing is likely to encompass. Though the court in Michael M. supposes that, “[s]ince it is the suggestibility of the interview techniques that will be at issue, the presence of the complainant will not be necessary” (id.), it is hard to imagine that the complainant’s testimony will not be required at a taint hearing, since the court must consider not only whether the techniques used were suggestive, but also whether those techniques, in fact, had such a suggestive effect on the particular complainant as to irreparably taint the witness’s testimony. Taint hearings would likely turn into “mini-trials” at which the child complainant would have to recite, yet again, the often painful details of the allegations. Though trial courts have the power to conduct hearings on defendants’ motions in limine to determine the admissibility of evidence even in the absence of specific authorization in the CPL (see, People v Michael M., 162 Misc 2d, supra, at 806-807), in view of New York’s expressed concern for the rights of child victims, the decision to require pretrial taint hearings in child sex abuse cases may be one best left to the Legislature.[2] In any event, even assuming that a taint hearing may be required upon a substantial showing that the witness’s testimony was irreparably tainted by suggestive investigative methods, in the absence of material, nonspeculative allegations of undue suggestion, the defendant’s motion should be denied. (See, People v Kemp, 251 AD2d, supra, at 1073, and People v Alvarez, 159 Misc 2d 963; cf., State v Michaels, 136 NJ 299, 642 A2d 1372, 1383 [1994], supra [held that pretrial taint hearing should be conducted on showing of “substantial likelihood of irreparably mistaken or false recollection of material facts bearing on defendant’s guilt”].)
This court has examined the Grand Jury minutes, along with the complainant’s videotaped testimony. Neither the minutes nor the videotape evince any indicia of undue suggestiveness or overreaching by the prosecutor or investigators. Counsel can explore aspects of the child’s capacity to tell the truth via a pretrial competency hearing. Furthermore, in accordance with People v Hudy (supra), defense counsel will have a full and fair opportunity at trial to cross-examine the victim and the investigators concerning any alleged attempt to influence the *904 victim’s testimony, as well as any nefarious motives underlying the allegations. In this way, defendant’s rights can be fully protected without infringing on the rights of the child complainant.
Therefore, and for the foregoing reasons, the motion for a pretrial taint hearing is denied.

. (Cf., People v Kemp, 251 AD2d 1072 [4th Dept 1998], lv denied 92 NY2d 900.) In Kemp, the Appellate Division upheld the trial court’s denial of a pretrial taint hearing, “ ‘at least in the absence of any nonspeculative allegations of undue suggestion’.” (Id., at 1072-1073, quoting People v Alvarez, 159 Misc 2d, supra, at 965 [emphasis supplied].) However, the appellate court did not go so far as to hold that a hearing would have been required had the defendant made substantial allegations of undue suggestion.

. An additional reason for strictly limiting, if not foreclosing, the availability of pretrial taint hearings is the potential for their abuse as discovery devices.