■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GERO, Appellant. [729 NYS2d 805] —Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered March 20, 2000, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

Defendant waived indictment and thereafter pleaded guilty to the crime of sodomy in the first degree in full satisfaction of a seven-count superior court information against him. The charges stemmed from various sexual acts perpetrated against defendant's step-daughter beginning when she was less than six years old and continuing until she was nine years old. Notwithstanding the joint recommendation of the People and the defense attorney that defendant receive a prison sentence of 6 to 12 years, County Court imposed a sentence of 10 to 20 years in prison. Defendant appeals.

We affirm. Initially, we reject defendant's contention that the sentence imposed was harsh and excessive. It is well settled that a sentence within the statutory parameters will not be disturbed absent extraordinary circumstances warranting modification (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872). Notwithstanding the alleged mitigating circumstances advanced by defendant, we cannot conclude that the sentence was harsh and excessive in view of his admitted victimization of a very young child for his own sexual gratification (*see, People v Gorga*, 268 AD2d 614; *People v David*, 263 AD2d 615).

Likewise, we reject defendant's argument that County Court erred by failing to give him an opportunity to withdraw his plea when it determined not to impose the sentence which was jointly recommended by the People and defendant's attorney. The record demonstrates that, prior to accepting defendant's plea, County Court clearly indicated to defendant that it had made no commitment regarding defendant's sentence and specifically advised him of the range of permissible sentences that could be imposed. Accordingly, County Court was under no obligation to give defendant the opportunity to withdraw his plea before imposing a more severe sentence than that which had been recommended (*see, People v Rhodes*, 251 AD2d 906, *lv denied* 92 NY2d 929; *People v Hartford*, 217 AD2d 798).

Cardona, P. J., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.