■ The People of the State of New York, Respondent, v James C. Parker, Appellant. [762 NYS2d 172] —Peters, J. Appeal from a judgment of the County Court of Broome County

(Mathews, J.), rendered October 22, 2001, upon a verdict convicting defendant of two counts of the crime of sodomy in the first degree.

On March 23, 2000, acting upon a report of suspicious conduct by an adult male toward three children in a public park, a police officer in a marked vehicle pulled defendant's vehicle over to question him. When a check of his driver's license revealed that there were outstanding warrants for his arrest, defendant was taken into custody. Upon being processed on the outstanding warrants, he was placed in a holding cell at the Chemung County Jail. While conducting an inventory of defendant's vehicle, the police uncovered, among other things, photographs of young boys in sexual poses, journals and notebooks. After a search warrant for the vehicle was issued, photographs of nude young boys, publications from the North American Man-Boy Love Association (hereinafter NAMBLA) and a rubber penis were discovered.

Unaware of the search of his vehicle, defendant was transported from the Chemung County Jail to the police station for questioning. He received his *Miranda* warnings and agreed to speak with authorities. At that time, he was informed of the materials discovered in his vehicle. He readily admitted his preference for 10 to 13-year-old boys and his association with NAMBLA. He further admitted that he had a sexual relationship with a boy in the Village of Endicott, Broome County.

Defendant was indicted for the crime of sodomy in the first degree (three counts). Following a hearing, County Court ruled that the search of defendant's vehicle was illegal because the police stopped it without reasonable suspicion. As to defendant's statements, County Court found that although following his arrest and receipt of *Miranda* warnings he voluntarily conferred with the police, the lack of intervening circumstances between the illegal search and the questioning regarding the incriminating evidence uncovered from his vehicle required that his statements be deemed inadmissible. His confession was also suppressed "not because it was involuntary in the traditional sense, but rather because it was the fruit of a prior illegality." County Court, however, refused to preclude the trial testimony of the victim that defendant identified.

Following a jury trial, defendant was found guilty of two counts of the crime of sodomy in the first degree and acquitted on the third count. He was adjudicated a second violent felony offender and sentenced to concurrent determinate terms of imprisonment of 22 years for each sodomy conviction and to five years of postrelease supervision. He appeals.

Defendant's first claim alleging a failure to dismiss on statutory speedy trial grounds is unavailing. Our review reveals that County Court properly calculated the time attributable to the People (*see* CPL 30.30 [1] [a]; *People v Hughes,* 180 AD2d 908, 909 [1992], *lv denied* 80 NY2d 1027 [1992]).

Nor do we find merit in defendant's contention that the testimony of the victim should have been suppressed as fruit of the unlawful vehicle search. In our view, County Court properly balanced the three requisite factors which determine whether live witness testimony should be subject to the exclusionary rule: "the degree of free will exercised by the witness in testifying; the 'length of the road' between the illegal search and the authority's initial contact with the witness and between that contact and the witness' trial testimony; and, a consideration of the purpose of the exclusionary rule as weighed against the impact upon the truth-finding process resulting from its application" (*People v McGrath,* 46 NY2d 12, 28 [1978], *cert denied* 440 US 972 [1979]; *see United States v Ceccolini,* 435 US 268, 275-279 [1978].) While it was unlikely that the victim would have come forward voluntarily, we agree with County Court that due to the unique dynamics of child sexual abuse, the victim's unwillingness to reveal the crime cannot be taken as an indicator of his willingness to testify (*cf. State v Griffith,* 500 So 2d 240, 246 [Fla Dist Ct App 1986]). Certainly "the illegality which led to the discovery of the witness [did] not play any meaningful part in the witness' willingness to testify" (*United States v Ceccolini, supra* at 277). Furthermore, while only a short period of time elapsed between defendant's statement and the authority's first contact with the victim, a "lengthy road" of more than 15 months elapsed between the victim's initial statement to police and his trial testimony (*see People v McGrath, supra* at 30-31).

Turning to the last and perhaps most important factor, the Court of Appeals has "consistently * * * refused to suppress relevant evidence if little or no deterrent benefit could be anticipated from the exclusion" (*People v Drain,* 73 NY2d 107, 110 [1989]; *see Boyd v Constantine,* 81 NY2d 189, 195-196 [1993]). Here, while defendant's statement identifying the victim was clearly voluntary, it was excluded as fruit of the illegal vehicle search rather than any illegality in the questioning itself. Moreover, the unlawful search was not conducted for the purpose of identifying potential witnesses (*see United States v Ceccolini, supra* at 277 n 4) and the identification of the victim was not closely related to the illegal search (*see id.* at 278). Under these circumstances, we find that County Court

properly concluded that the suppression of the victim's testimony would have little or no deterrent effect.

Next addressing defendant's contention that he should not have been required to turn over the victim's mental health records that he acquired by subpoena, we find no error. County Court properly noted that both parties had a right to subpoena those records. After reviewing the documents and being advised that the People were in the process of obtaining that same subpoenaed material, the order to defense counsel to provide those materials was grounded upon the court's discretionary authority to prevent the delay of a scheduled trial (*see* CPL 610.25; *see also People v Gissendanner,* 48 NY2d 543 [1979]). With a failure by defendant to specify the manner in which he was prejudiced by such ruling (*see People v Buanno,* 296 AD2d 600, 602 [2002], *lv denied* 98 NY2d 695 [2002]), we find no abuse of discretion.

As to sentencing, County Court properly considered defendant's status as a repeat sex offender, his exploitation of the victim and his own status as a victim. With the record failing to support defendant's assertion that he was penalized for exercising his right to trial, we find neither an abuse of discretion nor extraordinary circumstances necessitating a reduction (*see People v Fox,* 274 AD2d 665 [2000]).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.