— Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered June 26, 2007. The judgment convicted defendant, upon a jury *1173 verdict, of attempted rape in the first degree, sexual abuse in the first degree, attempted rape in the second degree and endangering the welfare of a child.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]) and attempted rape in the second degree (§§ 110.00, 130.30 [1]). We reject defendant’s contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). “The testimony of the victim was not so inconsistent or unbelievable as to render it incredible as a matter of law” (People v Black, 38 AD3d 1283, 1285 [2007], lv denied 8 NY3d 982 [2007]). Defendant failed to preserve for our review his further contention that the evidence is legally insufficient to support his conviction of the attempted rape counts (see People v Gray, 86 NY2d 10, 19 [1995]). Finally, we reject the contention of defendant that he was punished for exercising his right to trial based on the fact that the sentence imposed after trial was more severe than the one offered pursuant to the proposed plea agreement. There is no “evidence that defendant was given the lengthier sentence solely as a punishment for exercising his right to a trial” (People v Morin, 192 AD2d 791, 794 [1993], lv denied 81 NY2d 1077 [1993]; see People v Simon, 180 AD2d 866, 867 [1992], lv denied 80 NY2d 838 [1992]; see generally People v Pena, 50 NY2d 400, 411-412 [1980], rearg denied 51 NY2d 770 [1980], cert denied 449 US 1087 [1981]). Present—Martoche, J.P, Smith, Centra, Peradotto and Pine, JJ.