People v Pimentel (2025 NY Slip Op 52028(U))

[*1]

People v Pimentel

2025 NY Slip Op 52028(U)

Decided on December 17, 2025

Criminal Court Of The City Of New York, New York County

Lozano, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 17, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York

against
Bridget Pimentel, Defendant.

Docket No. CR-006263-25NY

Defense Counsel (movant): Howard Weiner, Howard Weiner Law
Assistant District Attorney: Sabrina Rehfeld, New York County DA's Office

Julieta V. Lozano, J.

The Defendant is charged by superseding information with one count each of Endangering the Welfare of a Child (Penal Law § 260.10[1]), Aggravated Harassment in the Second Degree (Penal Law § 240.30[4]), Attempted Assault in the Third Degree (Penal Law §§ 110/120.00[1]), and Harassment in the Second Degree (Penal Law § 240.26[1]). The information alleges that the Defendant struck an eight-year-old child about the face with an open hand, causing the child to sustain redness to his ear and experience pain.
By motion filed November 7, 2025, the Defendant moves for an order granting a pretrial taint hearing to inquire into whether police officers and ADAs engaged in suggestive interview techniques when questioning the child such that the child's testimony at trial would be tainted and so unreliable that it must be suppressed. By response filed November 19, 2025, the People oppose the motion. Although the Defendant was afforded the opportunity to file reply papers, she declined to do so. For the reasons that follow, the Defendant's motion is DENIED.
In support of her motion, the Defendant contends that such a hearing is warranted pursuant to People v. Hudy, 73 NY2d 40 (1988). Notably, however, Hudy does not require a pretrial hearing on this issue. People v. Hudy, 73 NY2d at 54. Upon ordering a new trial due to prejudicial evidentiary errors by the trial court in Hudy, the Court of Appeals did not direct that a taint hearing be held before trial. Id. at 59; see People v. Jones, 185 Misc 2d 899, 900 (Sup. Ct., Kings County 2000) (citation omitted); People v. Alvarez, 159 Misc 2d 963, 964 (Sup. Ct., Richmond County 1993) (citation omitted). Rather, in Hudy, the Court held that the Defense should have been permitted to question police investigators at trial about their methods of interviewing child witnesses. Id. at 54, 57-58. The Court reasoned that such questioning would have explored "a possible reason for fabrication by . . . impressionable [child] witnesses, i.e., the investigators' suggestive comments." Id. at 57.
Further, "there is no express statutory authority for a hearing to determine whether the testimony of child witnesses has been tainted by suggestive interviewing techniques . . . ." [*2]People v. Nickel, 14 AD3d 869, 870-871 (3d Dep't 2005) (citations omitted), lv. denied 4 NY3d 834 (2005); see People v. Muckey, 158 AD3d 954, 955 (3d Dep't 2018) (citations omitted), lv. denied 31 NY3d 1015 (2018). However, "a judge always retains the discretion to order a hearing to test the reliability of any evidence." People v. Britton, 39 Misc 3d 1225(A), 2013 NY Slip Op 50727(U), *2 (Sup. Ct., Kings County 2013) (citation omitted). Thus, "[u]pon a proper showing, a court may direct a pretrial taint hearing." People v. Nickel, 14 AD3d at 871 (citations omitted); see People v. Muckey, 158 AD3d at 955 (citations omitted); People v. Kemp, 251 AD2d 1072, 1072 (4th Dep't 1998) (citations omitted).
Nevertheless, the Court declines to order a pretrial taint hearing in this case because the Defendant failed to put forth nonspeculative allegations warranting a hearing. See People v. Muckey, 158 AD3d at 955 (citations omitted); People v. Nickel, 14 AD3d at 871 (citations omitted); People v. Kemp, 251 AD2d at 1072 (citations omitted). Instead, the Defendant makes conclusory statements regarding the suggestibility of the interviewers' questions and the purported resulting taint to the child's trial testimony based upon the Defense expert's conclusions about the "deficits in the interviews conducted by the NYPD and the ADA . . . ." (Defense Motion, Exhibit 2 at p.4). Any suggestibility, the interview techniques used, and the effects on the child's testimony can be addressed on cross-examination of the child and the interviewers at trial. See People v. Weber, 25 AD3d 919, 923-924 (3d Dep't 2006) (citations omitted); People v. Nickel, 14 AD3d at 871 (citations omitted); see also People v. Kanani, 272 AD2d 186, 187 (1st Dep't 2000), lv. denied 95 NY2d 935 (2000) (expert testimony on susceptibility of children to suggestion properly precluded and judgment affirmed; court noted defendant had ample scope at trial to explore the effects of any suggestibility). "[T]he possibility that the [child's] testimony might have been tainted goes to [his] credibility and reliability, issues that are reserved for the trier of fact." People v. Wilson, 255 AD2d 612, 613 (3d Dep't 1998) (citations omitted), lv. denied 93 NY2d 981 (1999). At trial, the Defendant will be able to cross-examine the child as well as the interviewers and can seek permission to introduce expert testimony. See People v. Britton, 2013 NY Slip Op 50727(U), *3; People v. Jones, 185 Misc 2d at 903-904; People v. Alvarez, 159 Misc 2d at 965.
Moreover, the scope of a taint hearing would likely encompass nearly all of the investigation of this case. See People v. Jones, 185 Misc 2d at 902. Further, contrary to the Defendant's contention, the child would, in all likelihood, be required to testify at the hearing. To rule on the issue, a court must consider whether the interview techniques used in this case had a suggestive effect on this child so as to unduly taint the child's testimony. See id. at 903. Therefore, a taint hearing would amount to a mini trial. See id. at 903; People v. Britton, 2013 NY Slip Op 50727(U), *3. "To grant this kind of hearing in the absence of any compelling evidence of undue pressure would open the door to unwarranted harassment and intimidation of particularly vulnerable witnesses without any corresponding gain to the cause of justice." People v. Britton, 2013 NY Slip Op 50727(U), *3 (citations omitted).
The Court notes that a taint hearing was ordered in People v. Michael M., 162 Misc 2d 803 (Sup. Ct., Kings County 1994). However, Michael M. is factually unique and entirely distinguishable from this case. In Michael M., the reporter of the alleged incident had a history of abuse against the child complainant and juvenile defendant, and the arrests arose in the midst of a hotly contested custody and visitation dispute. 162 Misc 2d at 805. As in People v. Britton, none of the facts in the instant case approach those in Michael M. 2013 NY Slip Op 50727(U), *2.
Accordingly, the Defendant's motion for a pretrial taint hearing is DENIED.
The foregoing constitutes the decision and order of the Court.
DATE: December 17, 2025
New York, NY
JULIETA V. LOZANO
Judge of the Criminal Court